**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| VICTORIA OSBORNE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06781<br><br>Assigned to: Judge Lee H Rosenthal |
| ZAREMA KARACHUN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06783<br><br>Assigned to: Judge Lee H Rosenthal |
| ALISON PETERSON and JACK PETERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06812<br><br>Assigned to: Judge Alfred H Bennett |

| | |
|---|---|
| ROBERT NEUMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06814<br><br>Assigned to: Judge Keith P Ellison |
| TANISHA DALE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06844<br><br>Assigned to: Judge Keith P Ellison |
| TRACEY BRUNER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06846<br><br>Assigned to: Judge Lee H Rosenthal |

| | |
|---|---|
| SHAWNELLE ROY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06871 |
| SERENA LICAJ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No.: 4:26-cv-06895 |

**MAJORITY PLAINTIFFS' MOTION TO CONSOLIDATE ACTIONS AND APPOINT INTERIM CLASS COUNSEL**

Plaintiffs Victoria Osborne, Zarema Karachun, Alison Peterson, Jack Peterson, Robert Neuman, Tanisha Dale, Shawnelle Roy, and Serena Licaj ("Plaintiffs"), individually, and on behalf of all others similarly situated, respectfully request that the Court: (1) pursuant to Federal Rule of Civil Procedure 42(a), consolidate the above-styled actions into the first-filed *Osborne* action, as well as any other future-filed or transferred related actions ("Related Actions") against Defendant Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics ("Defendant"); (2) appoint John J. Nelson of Milberg, PLLC and William B. Federman of Federman & Sherwood as Interim Co-

Lead Class Counsel (collectively, "Proposed Interim Class Counsel"); and (3) set a deadline for the filing of a single consolidated complaint ("Consolidated Complaint") within 30 days of entry of an order consolidating the cases, staying Defendant's response to the complaints in the individual Related Actions, and appointing leadership. Counsel for Defendant has not yet appeared in the Related Actions and thus has not taken a position on consolidation of the Related Actions or on the appointment of leadership. Plaintiffs will update the Court following Defendant's counsel's appearance on Defendant's position on this Motion.

Consolidation of the Related Actions is appropriate under consideration of convenience, judicial economy, cost reduction, and the interests of the putative class. The Related Actions all pertain to a data breach that impacted Defendant's network systems. These cases arise from the same nucleus of common alleged facts and all share the same common defendant. Each action also seeks to represent the same putative nationwide class. Consolidating the Related Actions for all purposes will promote the interests of judicial economy and convenience by streamlining the litigation, with no prejudice to the parties and the putative class.

Additionally, appointing Proposed Interim Class Counsel will be of benefit to oversee the efficient litigation of the claims against Defendant, while managing the distribution of work by other Plaintiffs' counsel to successfully prosecute the class claims. Proposed Interim Class Counsel have investigated the claims, the required experience, and the resources necessary to serve the role. They also have worked extensively with the other Plaintiffs' counsel in other data breach cases.

For the reasons presented below, Plaintiffs respectfully request that the Court grant this motion in its entirety. A proposed order is submitted herewith.

## I. INTRODUCTION

Defendant is a Houston-based genetic testing and diagnostics company that provides advanced genetic and genomic testing services to physicians, hospitals, health systems, and other healthcare providers nationwide. In connection with providing its services, Defendant collects, stores, and handles significant amounts of sensitive personal information.

On or around June 15, 2026, Defendant identified suspicious activity within a portion of its IT network and systems, which occurred between June 11 and June 17, 2026 (the "Data Breach"). Subsequent investigations determined that unauthorized actors accessed and acquired files containing at least the following categories of sensitive personal information of Plaintiffs and Class Members between June 11 and June 17, 2026: names, dates of birth, medical testing information, laboratory test results, health insurance information, Social Security numbers, government-issued identification numbers, and financial account information ("Private Information").

On or around August 14, 2026, Defendant began sending Notice of Security Event letters ("Notice Letters") to individuals affected by the Data Breach, informing them that their Private Information had been exfiltrated in the Data Breach. Defendant also recently posted a Security Update on its website, discussing the Data Breach and providing details concerning its occurrence.

Plaintiffs learned of the Data Breach, and each decided to file their respective putative class actions following their receipt of Notice Letters. On August 18, 2026, each of the Plaintiffs filed their actions concerning the Data Breach. Plaintiffs Shawnelle Roy and Serena Licaj filed their action on August 19, 2026. After filing these cases, attorneys for Plaintiffs discussed potential consolidation and coordination of their respective actions.

## II. ARGUMENT AND AUTHORITIES

### A. Legal Standard for Consolidation

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law ***or*** fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

(emphasis added). "Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'" *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011) (quoting Fed. R. Civ. P. 42(a)); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.").

"The purpose of consolidation is to permit trial convenience and economy in administration." *Air Crash*, 549 F.2d at 1014 (citation omitted). Accordingly, "district judges have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* at 1013 (citation, quotations, and alterations omitted*); see also St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay."). The following factors are pertinent to the decision of whether to consolidate actions:

> (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*Bayati v. GWG Holdings, Inc.*, No. 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023).

**B. The Related Actions Should be Consolidated**

The Related Actions involve common factual and legal questions as they arise from the same occurrence: the Data Breach. All relevant factors weigh in favor of consolidation, which will promote efficiency and uniformity without prejudicing any party. The Court should therefore consolidate the Related Actions.

Courts have recognized that consolidation is appropriate where multiple actions arise from the same data breach event. *See*, *e.g.*, *Lockhart v. El Centro Del Barrio*, No. SA-23-CV-01156-JKP, 2024 WL 303253, at *2 (W.D. Tex. Jan. 25, 2024) (finding consolidation appropriate because "Plaintiffs are all patients of Defendant asserting causes of action based on the same data breach resulting from the same cyberattack"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) ("it is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged" data privacy incident).

Because the Related Actions are all filed in this District, the first factor guiding the Court's analysis weighs in favor of consolidation. *See U.S. ex rel Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (first factor satisfied when "the cases are pending in the same court"); *Zolezzi v. Celadon Trucking Servs., Inc.*, No. CIV.A.H-08-3508, 2009 WL 736057, at *1 (S.D. Tex. Mar. 16, 2009) (first factor satisfied where both actions filed in same district and division).

The second factor is likewise satisfied because the Related Actions are against the same defendant and seek to certify a national class of similarly situated individuals whose Private Information was compromised in the Data Breach. *See Lockhart*, 2024 WL 303253, at *2 (fact that all cases filed on behalf of same class of data breach victims against same defendant supports

consolidation); *Bayati*, 2023 WL 5925880, at *2 (consolidating actions filed on behalf of same proposed class against same defendant); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013) (ordering consolidation where "[b]oth cases involve essentially the same parties").

The third and fourth factors favor consolidation as well. On one hand, trying the Related Actions separately would risk inconsistent findings and rulings in each case arising from the same Data Breach, brought on behalf of the same putative class of individuals affected. *See Lockhart*, 2024 WL 303253, at *2 (finding that "[c]onsolidation will ensure consistent rulings and promote judicial economy" where three cases asserted "causes of action based on the same data breach resulting from the same cyberattack"); *JFP Servs., L.L.C. v. Torans*, No. SA-17-CV-00210-FB, 2017 WL 9362704, at *2 (W.D. Tex. Dec. 21, 2017) ("In light of these common questions of law and fact, the Court finds there is a risk of inconsistent adjudication if the Court were to allow these cases to be tried separately before different judges[.]"). On the other hand, "[a]ny prejudice to the parties flowing from the consolidation would be minimal in comparison to these considerations." *Id.*; *see also Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-02408-P, 2014 WL 12577069, at *3 (N.D. Tex. Jan. 28, 2014) ("Given the substantial similarities among the facts and causes of action, the prospect of confusion incumbent on the fact finder will be nominal at best because these cases tell the same story[.]"); *Zolezzi*, 2009 WL 736057, at *2 ("[T]he court finds that the risk of prejudice or confusion if the cases are consolidated is minimal. This risk is, therefore, outweighed by the risk of inconsistent judgments should the cases be tried separately.").

Regarding the fifth factor, consolidating the Related Actions will certainly reduce the time and costs for all involved by eliminating the need for separate filings, discovery, settlement negotiations, hearings, and trials for cases arising from the same Data Breach. This factor thus

weighs in favor of consolidation. *See Bayati*, 2023 WL 5925880, at *2 (where two actions "make nearly identical legal claims based on the same set of facts," and were "filed on behalf of the same proposed class," consolidation "would therefore promote judicial efficiency"); *Gate Guard Servs. L.P. v. Solis*, No. CIV.A. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (ordering consolidation where "the same factual and legal issues exist in both cases and consolidating the actions would be more efficient than litigating the two cases separately").

Finally, because all Related Actions are at the same early procedural stage—complaints are filed, but there have been no responsive pleadings, and no scheduling orders have been entered—the sixth factor weighs in favor of consolidation. *See Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases at the same pre-trial stage); *Arnold & Co.*, 2013 WL 1411773, at *2 (ordering consolidation where "the cases were filed less than one month apart, no dispositive motions have been filed in either case, and very little discovery has occurred"); *Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (ordering consolidation where "[n]either case has been set on schedule yet, so the litigation is at the same stage in both"); *Zolezzi*, 2009 WL 736057, at *2 (ordering consolidation where "both actions are at the early stages of litigation").

Accordingly, because all factors weigh in favor of consolidation, the Court should consolidate the Related Actions.

### C. Legal Standard for Appointment of Interim Class Counsel

Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of

the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation ("MCL") § 21.11 (4th ed. 2004).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *See Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)). Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4). In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). A court, in its discretion, also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

**D. Appointment of Interim Class Counsel is Appropriate**

Proposed Interim Class Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys and their firms have successfully litigated numerous class actions involving privacy claims on behalf of millions of consumers. Proposed Interim Class Counsel possess the necessary resources to prosecute this litigation, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Because Proposed Interim Class Counsel have the case-management and complex-

litigation skills, experience, knowledge of the relevant facts and legal issues, and the extensive resources needed to efficiently prosecute this action on behalf of putative class members, the Court should grant Plaintiffs' motion. Proposed Interim Class Counsel's work, experience, knowledge, resources, and successful track record litigating consumer data breach cases demonstrate that they are superbly qualified to represent the Proposed Class's interests under the factors enumerated in Fed. R. Civ. P. 23.

**1. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.**

One factor courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe v. U.S. Bank, Nat. Ass'n*, No. CIV. 13-2687 JNE/JJK, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"); *In re IndyMac ERISA Litig*., No. CV0804579DDPVBKX, 2008 WL 11343122, at *2 (C.D. Cal. Oct. 7, 2008) (same).

Here, immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;
- Interviewing individuals injured by the Data Breach;
- Researching legal claims;
- Drafting initial pleadings; and
- Organizing Plaintiffs and their counsel and discussing consolidation of the actions for unified proceedings, and preparing the consolidation motion and proposed leadership papers.

Proposed Interim Class Counsel are familiar with the facts and legal issues involved in this case, and they will continue their pursuit of the claims on behalf of Plaintiffs and the proposed class. Proposed Interim Class Counsel conducted the work necessary to prosecute this litigation and stand ready, willing, and able to continue to devote all necessary effort and resources to advance the claims of Plaintiffs and the putative class.

**2. Proposed Interim Class Counsel Possess the Necessary Experience, Skill, and Knowledge of the Law to Prosecute this Litigation.**

A primary factor in selecting interim counsel is their experience, skill, knowledge, and familiarity with the relevant law. *See, e.g., Buettgen v. Harless*, 2011 U.S. Dist. LEXIS 53888, at *27 (N.D. Tex. May 19, 2011) (appointing class counsel with substantial experience in class actions and demonstrated knowledge of the relevant law). Proposed Interim Class Counsel have the experience and skill to prosecute this action efficiently and effectively. As set forth below, their resumes include extensive experience leading complex class actions, including data breach cases on behalf of hundreds of millions of consumers, and have been appointed to leadership positions in this District. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership counsel's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *In re Lenovo Adware Litig*., 2015 WL 10890657, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

As demonstrated below, Proposed Interim Class Counsel each have substantial data breach class-action experience, resources, and knowledge that will undoubtedly benefit the putative class as this litigation proceeds.

**Proposed Interim Class Counsel**

***John J. Nelson of Milberg, PLLC***

Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[1] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[2] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."

The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.

---

[1] *See, e.g.*, *In re Tyco Int'l Ltd., Sec. Litig.*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.
[2] See https://milberg.com/precedent-setting-decisions/page/3/.

Mr. Nelson has been appointed as class counsel by state and federal courts in data breach class actions, including: *In re: Navia Benefit Solutions, Inc. Data Breach Litigation*, No. 2:26-cv-00909 (W.D. Wash.) (appointed co-lead counsel); *In Re Cetera Financial Group Inc. Data breach Litigation*, Case No. 2:26-cv-03376 (C.D. Cal.) (appointed lead counsel); *In Re Gulshan Management Services Data Breach Litigation*, Case No. 4:26-cv-00200 (S.D. Tex.) (appointed co-lead counsel); *In re Community Clinic of Maui Data Breach Litigation,* No. 1:24-cv-00431 (D. HI) (appointed co-lead counsel); *In Re: SAG-AFTRA Health Plan Data Security Litigation*, No. 2:24-cv-10503 (C.D. Cal.) (appointed co-lead counsel); *Anderson v. Oak View Group, LLC*, No. 2:24- cv-00719 (C.D. Cal.) (appointed co-lead counsel); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y.) (appointed co-lead counsel); *Kohn et al. v. Loren D. Stark Company, Inc.*, Case No. 4:23-cv-03035 (S.D. Tex.) (appointed co-lead counsel); *In Re: Houser Data Breach Litigation*, No. 8:24-cv-00468 (C.D. Cal.) (appointed co-lead counsel); *In Re: Ethos Technologies Inc. Data Breach Litigation*, No. 3:22-cv-09203-SK (N.D. Cal.) (appointed co-lead counsel); *In re City of Hope Data Security Breach Litigation*, No. 24STCV09935 (Cal. Sup. Ct. for Los Angeles Cty.); *Garges v. Liberty Partners Financial Services, LLC*, No. 22CV01190 (Cal. Sup. Ct. for Santa Cruz Cty.) (final approval granted February 10, 2024); *Khederlarian et al. v. Utility Trailer Manufacturing Co.*, No. 22STCV30604 (Cal. Sup. Ct. for Los Angeles Cty.) (final approval granted November 1, 2023); and *Bustos v. Riverside Medical Clinic*, No CVRI2203466 (Cal. Sup. Ct. for Riverside Cty.) (final approval granted August 23, 2024).

Mr. Nelson has also been appointed to the Plaintiffs' Steering Committee in the recent 60-million-person data breach litigation captioned *In Re: Powerschool Holdings, Inc., and Powerschool Group, LLC Customer Data Security Breach Litigation*, Case No. 25-md-3149-BEN-MSB. He was also appointed to the Plaintiffs' Steering Committee in *Cheng et al v. Toyota*

*Motor Corporation, et al* a nationwide class action involving defective fuel pumps which resulted in a 330-million-dollar nationwide settlement. No. 1:20-CV-00629 (E.D.N.Y.) (final approval granted December 21, 2022). Mr. Nelson was also appointed to the Executive Committee in *In re Seresto Flea and Tick Collar Marketing, Sales Practices and Product Liability Litigation*, MDL No. 3009, Master Docket Case No. 1:21-cv-04447 (N.D. Ill.).

A copy of Mr. Nelson's resume, which includes additional information about Mr. Nelson and his firm, is attached hereto as ***Exhibit A***.

***William B. Federman of Federman & Sherwood***

Mr. Federman, the founder and managing member of Federman & Sherwood, has more than forty-three (43) years of diverse, hands-on, trial and appellate experience in the areas of complex data breach litigation, class action litigation, financial fraud litigation, commercial litigation, and consumer litigation. Mr. Federman has represented clients as lead and co-lead counsel in multidistrict litigation proceedings, federal courts, state courts, and arbitration forums across the United States. Indeed, Mr. Federman has litigated and coordinated the litigation of hundreds of class action lawsuits demonstrating he has the skill, knowledge, and experience necessary to best serve the interests of Plaintiffs and the putative classes. As a veteran litigator, Mr. Federman has repeatedly been appointed to leadership roles in data breach and complex class actions, achieving excellent recoveries for the respective classes, including obtaining the <u>largest</u> data breach settlement in Oklahoma. *Bointy v. Integris Health, Inc.*, Case No. CJ-2023-7235 (Okla. Cnty. Dist. Ct.) (Mr. Federman was appointed lead counsel and achieved a $30M settlement fund for the class). Mr. Federman is a member of this Court and has ample experience efficiently concluding complex data breach class action cases in Texas. *In re Texas Capital Bancshares, Inc. d/b/a Texas Capital Bank and Bask Bank Data Breach Litigation*, No. 3:26-cv-1813-x (N. D. of

Tex.) (2026) (interim co-lead class counsel); *In re Ericsson Inc. Data Breach Litigation*, No. 4:26-cv-266-SDJ, ECF. No. 13 (E.D. Tex.) (interim co-lead class counsel); *In re MedQ, Inc. Data Breach Litig.*, No. 4:24-cv-00176, ECF No. 10 (E.D. Tex.) (interim co-lead class counsel); and *M.S. and D.H. v. Med-Data, Inc.*, No. 4:22-cv-00187 (S.D. Tex.) (interim co-lead class counsel).

Mr. Federman and Federman & Sherwood are trailblazers in the data privacy litigation sector, having prosecuted data breach cases for more than fourteen (14) years, playing a pivotal role in developing key decisions that are regularly relied upon by courts and counsel across the nation. *See, e.g.*, *In re Brinker Data Incident Litig.*, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021), vacated in part sub nom. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (one of the first cases where class certification was achieved in the data breach context); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022); *Bowen v. Paxton Media Grp., LLC*, 2022 WL 4110319 (W.D. Ky. Sept. 8, 2022); *Mackey v. Belden, Inc.*, 2021 WL 3363174, at *1 (E.D. Mo. Aug. 3, 2021). As pioneers in this field, Federman & Sherwood are well-versed in the applicable law, which makes them well-suited for efficiently preparing briefs and developing discovery.

Federman & Sherwood also has a proven track record of successful and persuasive briefing, thwarting numerous motions to dismiss in the data privacy context. *See, e.g.*, *Nelson, Fowler, and Bass v. Arkansas Heart Hospital, LLC*, No. 60CV-25-3821 (2025 Ark., Pulaski Cty.) (motion to dismiss denied and class certification granted over Defendant's objection); *Carr v. Oklahoma Student Loan Auth. et al.*, 2023 WL 6929850 (W.D. Okla. Oct. 19, 2023) (motion to dismiss granted in part and denied in part against the Oklahoma Student Loan Authority); *Carr v. Oklahoma Student Loan Auth. et al.*, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) (motion to dismiss granted in part and denied in part against Nelnet Servicing, LLC); *Lochridge v. Quality*

*Temp. Servs., Inc.*, 2023 WL 4303577 (E.D. Mich. June 30, 2023) (motion to dismiss granted in part and denied in part); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022) (motion to dismiss denied in part and granted in part); *Fischer v. CentralSquare Techs., LLC*, 2021 WL 10558134 (S.D. Fla. Sept. 16, 2021) (surviving motion to dismiss in part); *In re Solara Med. Supplies, LLC Customer Data Sec. Breach Litig.*, 613 F. Supp. 3d 1284, 1296 (S.D. Cal. 2020) (order granting in part and denying in part the defendant's motion to dismiss). These successes make it apparent that Federman & Sherwood is an asset to the successful prosecution of this proceeding.

Due to Federman & Sherwood's early involvement in this area of law and its plethora of success, Federman & Sherwood has served as lead counsel or co-lead counsel in countless data breach lawsuits spanning across the nation, including: *In re Cognizant Technology Solutions Corporation and TriZetto Provider Solutions, LLC, Data Security Breach Litigation*, MDL No. 3185, Case No. 4:26-md-3185-JAR (2026) (E. D. MO) (appointed co-lead class counsel); *In re MedQ, Inc. Data Breach Litig.*, No. 4:24-cv-00176, ECF No. 10 (E.D. Tex.) (interim co-lead class counsel); *In re Columbia University Data Breach litigation*, No. 1:25-cv-05541-PKC (SDNY) (interim co-lead class counsel); *In re Brinker Data Incident Litig.*, 2021 WL 1405508, at *1 (M.D. Fla. Apr. 14, 2021), vacated in part sub nom. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (co-lead class counsel); *Rose, et al. v. BHI Energy Services, LLC, et al.*, No. 1:23-cv-12513 (D. Mass.) (interim co-lead counsel); *Woods, et al. v. Albany ENT & Allergy Services, PC*, No. 904730 (N.Y. Sup. Ct. Albany Cnty.) (interim co-lead counsel); *Perez v. Carvin Wilson Software LLC*, No. CV-23-00792-PHX-SMM (D. Ariz.) (interim co-lead class counsel); *Okonski, et al. v. Progressive Casualty Insurance Company*, No. 1:23-cv-01548 (N.D. Ohio) (interim co-lead class counsel); *In re: Bryan Cave Leighton Paisner, LLP Data Breach*

*Litig.*, No. 1:23-cv-04249 (N.D. Ill.) (interim lead class counsel); *Sanders, et al., v. Ibex Global Solutions, Inc., et al.*, No. 1:22-cv-00591-TNM (D.D.C.) (co-lead settlement class counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead settlement class counsel); *In re: Solara Medical Supplies Data Breach Litig.*, No. 3:19-cv-00284-H-KSC (S.D. Cal.) (interim co-lead class counsel); *McFarlane et al. v. Altice USA, Inc.*, No. 20-cv-1297 (S.D.N.Y.) (interim lead counsel); *M.S. and D.H. v. Med-Data, Inc.*, No. 4:22-cv-00187 (S.D. Tex.) (interim co-lead class counsel); *White v. Med. Rev. Inst. of Am., LLC*, No. 2:22-CV-00082-DAK-DAO (D. Utah July 22, 2022) (co-lead class counsel); *In re Snap Finance Data Breach Litig.*, No. 2:22- cv-00761-TS-JCB (D. Utah) (interim co-lead counsel); *In re: Physician's Business Office Data Incident Litig.*, No. CC-54-2022-C-252 (Wood Cnty. Cir. Ct. of West Virginia) (interim co-lead class counsel); *In re Eisner Advisory Group, LLC Data Breach Litig.*, Case No. 1:25-cv-03044 (S.D.N.Y. April 30, 2025) (appointed interim co-lead counsel).

Not only does Federman & Sherwood possess the requisite skill, knowledge, and experience, but it also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases, funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case and does not use or rely upon third-party funding sources.

A copy of Mr. Federman's resume, which includes additional information about Mr. Federman and his firm, is attached hereto as ***Exhibit B***.

**3. Proposed Interim Class Counsel Have and Will Continue to Devote Sufficient Resources to this Case.**

The resources that Proposed Interim Class Counsel have already committed and will continue to commit to the case also strongly support the appointment of Proposed Interim Class

Counsel. As demonstrated above, Proposed Interim Class Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to it and coordinating among themselves to file this leadership proposal and to consolidate the Related Actions. And, as their firm resumes and counsels' experience indicate, Proposed Interim Class Counsel have the resources and capacity to see this litigation through to its conclusion, including trial.

If appointed, Proposed Interim Class Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the putative class.

**4. Additional Factors Supporting Formal Designation of Proposed Interim Class Counsel.**

Another important consideration in selecting leadership is the ability to work well as a team with the other Plaintiffs' counsel who filed Related Actions, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to the successful management of the litigation. *See* Manual for Complex Litigation §

10.21. Selecting lawyers who have previously worked together has many benefits and Proposed Interim Class Counsel are well suited to jointly prosecute the consolidated action because they have a history of working cooperatively and inclusively with themselves and other counsel, including defense counsel. Proposed Interim Class Counsel have successfully worked together on many other data breach class actions, and they have also done so with the other Plaintiffs' counsel whose work in this case will support prosecution of the class claims. They will oversee the efficient litigation of the claims against Defendant, while managing the distribution of work by other Plaintiffs' counsel to successfully prosecute the class claims.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request the Court grant this Motion and enter an order: (1) consolidating the Related Actions and future actions into the first-filed action; (2) striking all pending deadlines in each of the Related Actions and staying each of the Related Actions, including any of the Defendant's responsive pleading deadlines; (3) consolidating any future-filed, transferred, or removed cases that arise out of the same subject matter as the Related Actions; (4) appointing John J. Nelson of Milberg, PLLC and William B. Federman of Federman & Sherwood as Interim Co-Lead Class Counsel; and (5) setting a deadline to file the Consolidated Complaint 30 days after the Court's order consolidating the Related Actions and appointing leadership. A proposed order granting the relief sought in this Motion is filed concurrently.

Dated: August 19, 2026

Respectfully Submitted,

*/s/William B. Federman*
William B. Federman (Tex. Bar No. 00794935)
**FEDERMAN & SHERWOOD**

4131 N. Central Expressway Suite 900
Dallas, TX 75204
T: (800) 237-1277
E: wbf@federmanlaw.com

John J. Nelson*
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse
Beverly Hills, CA 90212
T: (858) 209-6941
E: jnelson@milberg.com

*Proposed Interim Class Counsel*

Leanna A. Loginov (Fed. No. 3909989)
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
T: (305) 479-2299
E: lloginov@shamisgentile.com

Jonathan M. Streisfeld*
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
T: (954) 525-4100
E: streisfeld@kolawyers.com

Marc H. Edelson*
Liberato P. Verderame*
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
T: (215) 867-2399
E: medelson@edelson-law.com
E: lverderame@edelson-law.com

Leigh S. Montgomery (Tex. Bar No. 24052214)
**ELLZEY KHERKHER SANFORD MONTGOMERY, LLP**
4200 Montrose Blvd., Ste. 200
Houston, Texas 77006
T: (888) 350-3931
E: lmontgomery@eksm.com
E: service@eksm.com

Camile Alvarez (Tex. Bar No. 24148788)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
T: (872) 263-1100
F: (872) 263-1109
E: calvarez@straussborrelli.com

A. Brooke Murphy
**MURPHY LAW FIRM**
629 W. Main Street
Oklahoma City, OK 73102
T: (405) 389-4989
E: abm@murphylegalfirm.com

*Additional Counsel for Plaintiffs and the Proposed Class*

* *Pro Hac Vice Forthcoming*

## CERTIFICATE OF CONFERRAL

Counsel for Defendant has not entered an appearance in any of the Related Actions, therefore conferral with Defense Counsel is an impossibility. As such, Plaintiffs' Counsel respectfully requests that the Court waive the conferral requirement. Plaintiffs' Counsel will update the Court following Defendant's counsel's appearance on Defendant's position on this Motion.

*/s/ William B. Federman*
William B. Federman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that upon filing of the foregoing document, a true and correct copy of the same has been served upon all counsel of record in the above-captioned actions. Plaintiffs' counsel shall serve Defendant with a copy of the foregoing document and/or serve Defense Counsel upon entering an appearance.

*/s/ William B. Federman*
William B. Federman