**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| VICTORIA OSBORNE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | Case No. 4:26-cv-06781 |

**INTERESTED PARTY'S RESPONSE IN PARTIAL OPPOSITION TO MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM CLASS COUNSEL**

## I. INTRODUCTION

Interested Party Danielle Lombardozzi ("Plaintiff Lombardozzi"), plaintiff in *Lombardozzi v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-07068, hereby submits this response in partial opposition to Plaintiffs Victoria Osborne, Zarema Karachun, Alison Peterson, Jack Peterson, Robert Neuman, Tanisha Dale, Shawnelle Roy, and Serena Licaj's ("Moving Plaintiffs") Motion to Consolidate Related Actions and Appoint Interim Class Counsel (ECF No. 7).

While Plaintiff Lombardozzi would normally not oppose consolidation of related actions, the pending motion is flawed. It has the earmarks of a rush. The defendant has yet to appear, and some of the complaints for which consolidation is sought (*Karachun v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06783; *Dale v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06844; *Roy v. Baylor Miraca Genetics*

*Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06871[1]), do not allege that the plaintiff has received notice of the breach or other sufficient information (other than "on information and belief"). Plaintiff here files her response and motion to prevent any prejudice to the defendant and ensure full disclosure to the Court.

In addition, Plaintiff Lombardozzi opposes the appointment of Moving Plaintiffs' proposed interim co-lead class counsel. Moving Plaintiffs' rush to get a premature leadership motion on file resulted in Moving Plaintiffs' failure to confer with all relevant parties, as Defendant Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics ("Baylor Genetics") had not yet appeared.

For the reasons more fully stated herein, should the Court choose to grant consolidation and appointment before the defendant appears, the Court should instead appoint Ben Barnow of Barnow and Associates, P.C. as Interim Class Counsel and Cory S. Fein of Cory Fein Law Firm as Interim Liaison Counsel. Ben Barnow and Cory S. Fein have extensive experience in data breach class action litigation and Texas law. They are the best team with the best plan to lead this litigation on behalf of plaintiffs and the putative class in an efficacious and efficient manner.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Between approximately June 11, 2026, and June 17, 2026, an unauthorized third party gained access to Baylor Genetics' network systems and acquired files containing the PII/PHI of Baylor Genetics' current and former patients and employees (the "Data Breach"). Shortly after Baylor Genetics announced the Data Breach, eleven putative class action lawsuits were filed against Baylor Genetics in the Southern District of Texas (the "Related Actions"): *Osborne v.*

---

[1] The *Roy* plaintiff only alleges that she "is a data breach victim," but does not allege receiving individual notice. *Roy*, ECF No. 1, ¶ 45.

*Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics,* No. 4:26-cv-06781 (filed Aug. 18, 2026); *Karachun v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06783 (filed Aug. 18, 2026); *Peterson v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06812 (filed Aug. 18, 2026); *Neuman v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06814 (filed Aug. 18, 2026); *Dale v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06844 (filed Aug. 18, 2026); *Bruner v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06846 (filed Aug. 18, 2026); *Roy v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06871 (filed Aug. 19, 2026); *Licaj v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06895 (filed Aug. 19, 2026); *Arrington v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06931 (filed Aug. 21, 2026); *Mhrez v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-06940 (filed Aug. 21, 2026); and *Lombardozzi v. Baylor Miraca Genetics Laboratories, LLC d/b/a Baylor Genetics*, No. 4:26-cv-07068 (filed Aug. 25, 2026). On August 20, 2026, just two days after the first Related Action was filed, Moving Plaintiffs filed their Motion to Consolidate Related Actions and Appoint Interim Class Counsel, seeking consolidation of the *Osborne*, *Karachun*, *Peterson*, *Neuman*, *Dale*, *Bruner*, *Roy*, and *Licaj* matters and seeking appointment of John J. Nelson of Milberg, PLLC and William B. Federman of Federman & Sherwood as Interim Co-Lead Class Counsel. *See* ECF No. 7.

## III. ARGUMENT

### A. Consolidation is Appropriate, but Moving Plaintiffs' Motion was Premature and Incomplete

Plaintiff Lombardozzi does not oppose consolidation of all of the Related Actions at the proper time and of cases with sufficient similarity for the reasons stated in Moving Plaintiffs'

motion. *See* ECF No. 7. However, Moving Plaintiffs' hasty filing occurred prior to the appearance of Defendant. Moving Plaintiffs acknowledge their early filing in their Certificate of Conferral, stating, "[c]ounsel for Defendant has not entered an appearance in any of the Related Actions, therefore conferral with Defense Counsel is an impossibility." ECF No. 7 at 22. Indeed, Plaintiff Osborne's summons was served on the same day the motion was filed. *See* ECF No. 4. Moving Plaintiffs do not state that they served the motion on Baylor Genetics in any way, only stating that service would be made by electronic filing, but Baylor Genetics has not appeared. *See* ECF No. 7 at 23. The Court, after giving Baylor Genetics a chance to respond, should consolidate all of the Related Actions.

**B. The Court Should Appoint Ben Barnow as Interim Class Counsel**

Should the Court be inclined to appoint interim class counsel now, appointment of Ben Barnow of Barnow and Associates, P.C. as Interim Class Counsel would best serve the putative class. "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The factors to consider in making this determination are:

i. the work counsel has done in identifying or investigating potential claims in the action;

ii. counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

iii. counsel's knowledge of the applicable law; and

iv. the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Additionally, interim class counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation, Fourth ("MCL") recommends that courts examine, *inter alia*, the "would-be designated attorneys' competence for assignments;" "the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks;" and "the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court." MCL 4th § 10.224. Ben Barnow's combination of experience, dedication, and ability makes him the best choice to represent plaintiffs and the putative class.

**1. Ben Barnow Has Performed Work to Advance the Litigation**

Ben Barnow and his firm is dedicated to performing work in this case. Their efforts include investigating and reviewing information relating to the factual underpinnings of the Data Breach, researching and analyzing applicable legal theories and causes of action, reviewing consumer communications concerning the Data Breach, investigating the scope and consequences of the Data Breach, reviewing and analyzing public statements regarding the Data Breach, determining proper venue and jurisdiction, and using this research and their experience o prepare a detailed class action complaint regarding the Data Breach. Ben Barnow is familiar with the facts and legal issues in this matter and is well-equipped to efficiently pursue the relevant claims on behalf of the plaintiffs and the putative class. He is willing and able to continue to devote the substantial effort and resources (including the advancement of costs and expenses) necessary to advance the claims of plaintiffs and the putative class.

**2. Ben Barnow's Knowledge and Experience in Leading and Successfully Resolving Data Privacy Class Actions Is Unsurpassed**

Ben Barnow easily satisfies the second and third Rule 23(g)(1)(A) factors. He is highly experienced in complex class actions and his knowledge of the applicable law is unsurpassed. Data breach cases present unique and novel issues of fact and law that are evolving. *See, e.g.*, *Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415, 2019 U.S. Dist. LEXIS 215430, at *3 (D. Colo.

Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274, 2019 U.S. Dist. LEXIS 164375, at *21 (E.D. Pa. Sept. 23, 2019) ("This is a complex case in a risky field of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the class. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Ben Barnow has extensive experience leading and litigating data privacy matters against large corporate defendants, healthcare providers, and insurance companies.

As demonstrated below, Ben Barnow is highly qualified to lead this consolidated litigation on behalf of plaintiffs and the putative class. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). The qualifications and experience of Ben Barnow is further summarized below and in his accompanying firm resume, submitted herewith.

**Ben Barnow**
**<u>Barnow and Associates, P.C.</u>**

It is without question that Ben Barnow has extensive experience and knowledge in class action and data breach litigation. His appellate successes in data breach cases have been cited over 850 times. Further, Ben Barnow has important experience as class counsel before this Court—including before the same judge presiding over the first-filed action. In *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation*, Case No. 09-md-2046 (S.D. Tex.), over

which the Court presided, Ben Barnow served as one of Co-Lead Counsel for the Consumer Track. That MDL arose from what was then reported to be one of the largest data security breaches in history. Ben Barnow negotiated a settlement on behalf of a Settlement Class estimated to include more than 120 million members. Following completion of the notice program, only one objection was received, and this Court granted final approval to the settlement.

Ben Barnow continues to achieve excellent results for clients and class members in data breach cases. *See*, *e.g.*, *Kesner v. UMass Mem'l Health Care, Inc.*, No. 2185 CV 01210 (Mass. Super. Ct. – Worcester) (As one of class counsel he negotiated a settlement creating a $1,200,000 fund for approximately 209,000 class members); *LaFratta v. Medical Healthcare Solutions, Inc.*, No. 2277CV00106 (Mass. Super. Ct. – Essex) (Ben Barnow was appointed as one of settlement class counsel and helped achieve a settlement that created a $727,266.00 fund for a class of approximately 133,997 persons); *In re Afni, Inc. Data Breach Litig.*, No. 1:22-cv-01287 (C.D. Ill.) (As one of lead class counsel, he helped negotiate a settlement that created a fund of $1,850,000 for approximately 261,449 class members); *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.) (As one of lead class counsel, he took a leading role in crafting a settlement with one defendant that created a $5,000,000.00 non-reversionary common fund for approximately 3.8 million class members and gave only a partial release, reserving rights against the hub defendant); *In re Fortra File Transfer Software Data Security Breach Litigation*, No. 24-md-03090 (S.D. Fla.) (Ben Barnow served as one of the two track lead counsel for the NationsBenefits track—which included over 3 million class members—in this hub-and-spoke data breach case which resulted in a settlement in which NationsBenefits was required to pay $5,800,000 of the $27,000,000 settlement); *In re Retina Group of Washington Data Security Incident Litigation*, No. 8:24-cv-00004 (D. Md.) (Ben Barnow, as one of lead class counsel, negotiated a $3,600,000 settlement

fund for approximately 450,000 settlement class members); *In re Saint Xavier University Data Breach Litigation*, No. 2024CH09951 (Cir. Ct. of Cook Cnty., IL) (As one of lead class counsel, he helped make available a $1,750,000 settlement fund for approximately 201,561 class members); *In re Hospital Sisters Health System Data Breach Litigation*, No. 2024CH000043 (Cir. Ct. of Sangamon Cnty., IL) (Barnow and Associates, P.C. was appointed as one of lead class counsel in this data breach class action where a settlement was reached that created a $7,600,000 fund for approximately 868,871 class members); *Holden v. Guardian Analytics*, No. 2:23-cv-02115-WJM-LDW (D.N.J.) (Ben Barnow was one of lead class counsel and instrumental in creating a settlement of $1,430,207.50 for a class of approximately 191,563 victims of a data breach); *In re MedStar Health Data Security Incident*, No. 1:24-cv-01335 (D. Md.) (As one of lead class counsel, Ben Barnow negotiated a settlement that created a $1,350,000 non-reversionary common fund for approximately 183,079 settlement class members); *Pearson, et al. v. Group Health Cooperative of South Central Wisconsin*, No. 2024-cv-001077 (Cir. Ct. of Dane Cnty., WI) (In a data breach case, Ben Barnow was appointed as one of lead class counsel and helped negotiate a settlement making available a $3,500,000 fund that was recently granted final approval).

He has achieved many settlements recognized as quality work by courts across the land. *See In Re TJX Companies Retail Security Breach Litig.*, No. 07-10162 (D. Mass.) (Ben Barnow served as Co-Lead Counsel in one of the first data breach class action lawsuits; the Honorable Judge Young described the settlement as "excellent," and as containing "innovative" and "groundbreaking" elements); *In re: Sony Gaming Networks and Customer Data Security Breach Litig.*, No. 11-md-2258 (S.D. Cal.) (serving on the PSC in this MDL involving over 60 cases and approximately 70 million consumers, he negotiated a settlement and at the final fairness hearing the Honorable Judge Anthony J. Battaglia remarked, "Just in the final analysis, the order, much

like all the work by both sides throughout the case, has been impeccable, highly professional, and skilled."); *Rowe v. Unicare Life and Health Ins. Co.*, No. 1:09-cv-02286 (N.D. Ill.) (He was appointed Lead Counsel and negotiated a settlement that was granted final approval, making benefits available to Settlement Class Members whose medical information was publicly posted on the Internet; the Honorable Judge Hibbler described the efforts of the parties as "exemplary"). In these cases, and others, Ben Barnow has not only worked well with defense counsel, but also with the many other plaintiffs' counsel who also filed, including various Co-Lead counsel and plaintiffs' executive committee members.

Ben Barnow and Barnow and Associates, P.C. have developed significant data breach and other consumer law at the appellate level. As a lead counsel in *In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625 (3d Cir. 2017) and *Galaria v. Nationwide Mutual Insurance Co.*, 663 F. App'x 384 (6th Cir. 2016), he successfully pursued appeals and achieved reversals from the Third Circuit and Sixth Circuit, respectively, recognizing the plaintiffs' Article III standing to assert data breach claims in federal court. And in *In re Zappos.com Inc. Customer Data Security Breach Litigation*, No. 12-cv-00325 (D. Nev.), he, along with other Co-Lead counsel, brought about a reinstatement of standing through a Ninth Circuit appeal and successfully defended against a petition for certiorari to reverse that result, with the case ultimately reaching final approval of an excellent settlement. *See In re Zappos.com, Inc.*, 888 F.3d 1020, 1030 (9th Cir. 2018). As stated above, these appellate cases have been cited as authority over 850 times.

The qualifications, knowledge, experience, and results of Ben Barnow and Barnow and Associates, P.C. are further set forth in the Barnow and Associates, P.C. Firm Resume, attached hereto as Exhibit 1. Every lawyer in the firm, partner and associate, are highly skilled data breach

lawyers. They work hard and efficiently. With them, the Court will know who is doing and has done the work through full reporting to the Court via time, cost, and expense reports.

**3. Ben Barnow is Committed to Representing and Advancing the Interests of the Class**

As to the fourth Rule 23(g)(1)(A) factor, Ben Barnow is willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in this litigation. Ben Barnow and Barnow and Associates, P.C. have the resources, capacity, and will to vigorously prosecute this litigation in an efficient and effective manner, as they have in class action after class action lawsuits. They will neither seek nor accept third-party financing. Ben Barnow and Barnow and Associates, P.C. have self-funded their involvement in every class case they have led, whether against Microsoft, Toyota, AOL, McDonald's, Sony, and many more with no exception. Ben Barnow is committed to working cooperatively and efficiently on behalf of plaintiffs and the proposed class here. Ben Barnow will ensure that work is performed without duplication by providing clear assignments to plaintiffs' counsel as reasonable and appropriate. Each counsel will be responsible for keeping their clients fully advised, being responsive to litigation inquiries as they arise, fielding questions of their plaintiff(s) and those from class counsel, and providing answers to those questions. That practice will maintain communication and harmony in the litigation without duplication and inefficiency. He will also require that plaintiffs' counsel submit monthly time, cost, and expense reports to analyze efficiency. He will pursue the best interests of the plaintiffs and the proposed class, and has demonstrated that he can and will do so effectively without hesitation.

**C. The Court Should Appoint Cory S. Fein as Interim Liaison Counsel**

Cory S. Fein of Cory Fein Law Firm has extensive experience practicing in Texas and before the Southern District of Texas, and as such is well-qualified to serve as Interim Liaison

Counsel. He is a Texas lawyer and maintains his only office in Houston. By contrast, Moving Plaintiffs' proposed co-leads' firms' closest office is in Dallas, over a 3-hour drive away. Cory S. Fein will provide hands-on dedication to this matter.

The role of liaison counsel primarily consists of tasks such as "communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities. MCL § 21.11. Cory S. Fein's experience in Texas, knowledge of the Southern District of Texas, and locality to the court make him an ideal candidate to serve as Interim Liaison Counsel. He and Ben Barnow have worked together over the years and are currently working together on a petition for writ of certiorari to the United States Supreme Court. It is suggested that underscores the harmony of their working relationship, a harmony that will inure to the benefit of the class.

## IV. CONCLUSION

For all of the above-stated reasons, Interested Party Danielle Lombardozzi respectfully requests that the Court enter and continue the motion to consolidate the Related Actions until after the defendant appears and, further, either after consolidation or before at the discretion of the Court, appoint Ben Barnow of Barnow and Associates, P.C. as Interim Class Counsel and Cory S. Fein of Cory Fein Law Firm as Interim Liaison Counsel.

Dated: August 26, 2026

Respectfully submitted,

/s/ Cory Fein
Cory S. Fein
**CORY FEIN LAW FIRM**
13105 Northwest Fwy., Suite 705
Houston, TX 77040
Tel: (713) 730-5001
Fax: (530) 748-0601
cory@coryfeinlaw.com

Ben Barnow*
Anthony L. Parkhill*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: 312.621.2000
Fax: 312.641.5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

*Counsel for Plaintiff*
**Pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: August 26, 2026

/s/ Cory S. Fein
Cory S. Fein