**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VICTORIA OSBORNE, individually, and on behalf of other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>BAYLOR MIRACA GENETICS LABORATORIES, LLC d/b/a BAYLOR GENETICS,<br><br>Defendant. | ) | Case No: 4:26-cv-06781 |

**<u>INTERESTED PARTY'S MOTION TO INTERVENE AND RESPONSE IN PARTIAL OPPOSITION TO MOTION TO CONSOLIDATE RELATED CSAES AND APPOINT INTERIM CLASS COUNSEL</u>**

Proposed Intervenor Jasmine Mhrez ("Intervenor Mhrez"), a plaintiff in the case captioned *Mhrez v. Baylor Miraca Genetics Laboratories, LLC*, Case No. 4:26-cv-06940, moves this Court, under Federal Rule of Civil Procedure 24, to intervene in the case captioned *Osborne v. Baylor Miraca Genetics Laboratories, LLC*, Case No. 4:26-cv-06781.

If granted permission to intervene, Intervenor Mhrez, and if the Court consolidates this action with other Related Actions in accordance with the (incomplete) Motion to Consolidate [ECF 7], then Intervenor Mhrez respectfully moves this Court to: (1) appoint Daniel Zemel of Zemel Law LLC as Interim Lead Counsel; (2) stay the Related Actions, including any of Defendants' responsive pleading deadlines, and require the filing of a Consolidated Class Action Complaint within 30 days of entry of an order appointing leadership; and (3) set the deadline for Defendants' response(s) to the Consolidated Class Action Complaint as 30 days after the Consolidated Class Action Complaint is filed, and in the event that Defendants' response(s) include a motion to dismiss, set the deadline of 30 days thereafter for Plaintiffs' response(s) thereto, followed by 15 days

thereafter for Defendants' reply(ies).

## INTRODUCTION

Intervenor Mhrez filed her Class Action Complaint on August 21, 2026, seeking to hold Defendant liable for its disclosure of personally identifiable information ("PII") as the result of a data breach of Defendant's network systems announced on or about August 14, 2026 ("Data Breach"). The first filed action arising from the Data Breach is the present action: *Osborne v. Baylor Miraca Genetics Laboratories, LLC*, Case NO. 4:26-cv-06781 (filed August 18, 2026). Intervenor Mhrez wishes to propose her counsel for the role of Interim Lead Counsel in this litigation. In the present litigation the *Osborne* case is the first filed case. Therefore, she seeks permission to intervene in this case.

The present motion proposes a streamlined leadership structure consisting of a *single Interim Class Counsel*, Daniel Zemel, who will be able to prosecute this case more efficiently and without any duplication of effort. Proposed Interim Lead Counsel's qualifications are described herein.

## I. COMPLAINT ALLEGATIONS AND PROCEDURAL BACKGROUND

### A. The Data Breach

Defendant Baylor Genetics provides services for genetic testing to assists medical providers. Intervenor Mhrez, in her action, alleges that Defendant collected and inadequately maintained her and the putative class members' personally identifiable information ("PII").

In its Notice Letter dated August 14, 2026 ("Notice Letter"), Defendant advised Intervenor Mhrez that "an unauthorized third party accessed . . . certain data stored on [their] network, between June 11, and June 17, 2026." The Notice Letter advised Plaintiff that her PII was compromised in the Data Breach.

### B. Procedural History and Related Actions

Several actions, identified thoroughly in Interested Party Danielle Lombardozzi's Partial Opposition to the motion to consolidate [ECF 8], p. 3 ("Lombardozzi Motion") as Related Actions, were filed in this district, arising from the Data Breach. Each of the Related Actions focuses on the same factual premise—the Data Breach—and asserts substantially identical (if not identical) claims on behalf of the same or overlapping putative classes.

Consolidation of all of the Related Actions, not only some, is therefore appropriate and supported by Intervenor Mhrez. Mhrez joins the Lombardozzi motion's position that consolidation is appropriate, but that the original motion to consolidate was premature and flawed, and notes that it did not include several later filed actions that are noted in the Lombardozzi motion, including the Mhrez case.

### C. Intervention

Intervenor Mhrez seeks the Court's permission to intervene in the *Osborne* action, which is the first-filed action in respect of the Baylor data breach, for the purpose of proposing her own counsel as Interim Class Counsel. Assuming all Related Actions are consolidated, Intervenor Mhrez seeks to intervene in order to propose Mr. Zemel as the sole Interim Class Counsel, in an effort to put forward a more streamlined leadership structure than the one proposed by the *Osborne* plaintiff.

## II. <u>ARGUMENT</u>

### A. Intervention Should Be Permitted

Federal Rule of Civil Procedure 24 provides:

(b)Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

"Intervention in a class action is governed by the same principles that apply in any other proceeding." *In re Sonus Networks, Inc. Sec. Litig*., 229 F.R.D. 339, 344 (D. Mass. 2005).

Intervenor Mhrez's intervention is timely and she has a claim that shares with the main action a common question of law and fact. "Timeliness generally requires consideration of the following four factors: "(i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention." *MacCausland v. Uber Techs., Inc*., 2019 WL 13234782, at *3 (D. Mass. Aug. 30, 2019) In the present case, Intervenor Mhrez makes this motion soon after filing her case. There is no prejudice to the existing parties should intervention be allowed, and indeed, Defendant has not even entered the case yet. Conversely, should the motion to intervene be denied, Intervenor Mhrez will be denied the opportunity to put forth her counsel as proposed Interim Class Counsel, which will cause her prejudice. Intervenor Mhrez has a claim that she shares with the main action a common question of law and fact, since both putative class actions arise from the same Data Breach.

Therefore, intervention for the purpose of proposing her counsel for the role of Interim Class Counsel is appropriate.

**B. Proposed Interim Lead Counsel Meets the Requirements of Rule 23(g).**

Federal Rule of Civil Procedure 23(g)(3) authorizes the appointment of interim class counsel, instructing that a court "may designate interim counsel to act on behalf of the putative

class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As explained in the Advisory Committee Notes accompanying the Rule, "in many cases the need to progress toward the certification determination" or to otherwise "protect the interests of the putative class" "may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes; *see also LeBlanc v. Exxon Mobil Corp.*, 2014 U.S. Dist. LEXIS 120602, at *3 (M.D. La. Aug. 29, 2014) ("Generally, courts will appoint interim class counsel only in the event that there are 'a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated,' with multiple attorneys vying for class counsel appointment.") (citation omitted); *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) ("The designation of interim class counsel is especially encouraged in cases . . . where there are multiple, overlapping class actions that require extensive pretrial coordination."). In particular, as set forth in the *Manual for Complex Litigation (4th)* ("Manual"), appointment of interim counsel may be appropriate after consolidation of actions, to achieve efficiency and economy without jeopardizing fairness to the parties. § 21.11.

"In evaluating the adequacy of interim class counsel, the Court applies the same factors considered for the appointment of class counsel under Rule 23(g)(1)(A)." *Cossette v. Jani-King Int'l, Inc.*, 2025 U.S. Dist. LEXIS 220822, at *6 (N.D. Tex. Aug. 4, 2025) (*citing In re Mun. Derivatives Antiturst Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)). Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider the following factors:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Moreover, under Rule 23(g)(4), lead class counsel "must fairly and adequately represent the interests of the class." Thus, in addition to the above factors, the Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

The proposed appointment of a single Interim Lead Counsel "will generate efficiency and economy that will inure to the benefit of the putative class." *See* Manual for Complex Litigation (Fourth) § 10.221 (2004) ('The most important [factor in class counsel appointments] is achieving efficiency and economy without jeopardizing fairness to the parties.'"); *In re Nurture Baby Food Litig*., 2022 U.S. Dist. LEXIS 140908 (S.D.N.Y. Aug. 8, 2022).

"Involving fewer firms and having centralization [] should be not only sufficient, but should help avoid unnecessary legal fees and administration." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig*., 252 F.R.D. 66, 68 (D. Me. 2008) Indeed, the Advisory Committee Notes to 1998 Rule 23 Amendments state, "the court should be alert to the need for adequate staffing of the case, *but also to the risk of overstaffing or an ungainly counsel structure*." (emphasis added).

Further, as his professional biography (below) demonstrates, Mr. Zemel is an attorney "experienced with complex litigation and class litigation who [has] had demonstrated success through many large settlements for their clients." *Thomas v. Beech-Nut Nutrition Co*., 2022 U.S. Dist. LEXIS 236487, at *15 (N.D.N.Y. Mar. 22, 2022).

In sum, "early identification and appointment of interim Class Counsel is in the best interests of the parties and of judicial economy. Such appointment will establish a clear leadership structure on the Plaintiffs' side, will allow Defendant and Defendant's counsel clear direction with respect to Plaintiffs' counsels' authority to negotiate and enter into stipulations, confer with respect

to deadlines and other issues, and agree to Court required discovery plans. "Furthermore, such interim appointment will ensure that the members of the putative Classes are adequately protected up to and until the Court's final determination on whether or not to certify the Class." *Malinowski v. Int'l Bus. Machines Corp*., 2023 U.S. Dist. LEXIS 228797, at *4 (S.D.N.Y. Dec. 19, 2023)

**1. Proposed Interim Lead Counsel Has Thoroughly Identified and Investigated the Claims.**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.
>
> Moore's Fed. Prac. § 23.120(3)(a) (3d. Ed. 2007).

Here, Proposed Interim Lead Counsel's work in identifying and investigating the claims in this case demonstrates that he has and will continue to fairly and adequately represent the proposed class. Proposed Interim Lead Counsel has diligently investigated and advanced this litigation, including through analyzing the circumstances surrounding the Data Breach, researching legal claims, and drafting initial pleadings. *See Watson v. Manhattan Luxury Autos, Inc.*, 2022 U.S. Dist. LEXIS 178069 (S.D.N.Y. Sept. 29, 2022) ("it appears that Plaintiffs' counsel [Zemel Law] have done extensive work 'in identifying or investigating potential claims in this action.'"). By contrast, the proposal put forth by Milberg, PLLC and Federman & Sherwood [ECF 7] includes cases where the plaintiffs have not even received notice of data breach. Given these potential pitfalls, and the hasty motion, there are severe doubts as to counsels' ability to identify the claims.

**2. Proposed Interim Lead Counsel Daniel Zemel Is Experienced in Handling Class Actions and Other Complex Litigation.**

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Here, Proposed Interim Lead Counsel has substantial experience handling class actions involving data breach and data privacy cases, and has successfully navigated consumer class actions in numerous federal and state courts throughout the country. As outlined below, Proposed Interim Lead Counsel is highly qualified to lead this litigation. Mr. Zemel's qualifications are summarized below.

**Proposed Interim Lead Counsel: Daniel Zemel**

Daniel Zemel is the managing partner of Zemel Law LLC, a boutique firm focused on consumer protection and privacy issues. In his 11 years' of experience, Mr. Zemel, and the other attorneys in his firm, have handled thousands of cases on behalf of consumers in trial courts and appellate courts throughout the country. He has successfully argued and pursued cases in the Third, Seventh, Ninth, and Eleventh Circuits. Since its inception, Zemel Law has recovered millions of dollars on behalf of consumers.

Mr. Zemel also has extensive experience bringing class actions, and has been appointed class counsel in numerous state and federal actions, including: *Rincon-Marin v. Credit Control, LLC*, No. 3:17-cv-00007, 2018 U.S. Dist. LEXIS 29312 (D. Conn. 2018); *O'Dell v. National Recovery Agency*, 291 F. Supp. 3d 687 (E.D. Pa. 2018); *Del Carmen v. R.A. Rogers*, No. 5:16-cv-00971 (W.D. Tex. 2018); *Williams v. Global Credit & Collections*, No. 1:17-cv-03323 (N.D. Ill. 2018); *Gibson v. McCarthy Burgess & Wolff*, No. 18-02181 (Pa. Ct. Com. Pl. 2018); *Williams v. Frontline Asset Strategies*, No. 2:17-cv-03119 (E.D. Pa. 2019); *Knight v. Midland Credit Management*, 2019 U.S. Dist. LEXIS 59794 (E.D. Pa. Apr. 5, 2019); *Robinson v. Enhanced*

*Recovery Co.*, 2019 U.S. Dist. LEXIS 96971 (E.D. Pa. June 10, 2019); *Ridley v. MRS BPO, LLC*, 2019 U.S. Dist. LEXIS 217407 (D.N.J. Dec. 18, 2019); *Choi v. Peter J. Liska, LLC*, BER-L-1394-18 (N.J. Super. Ct. 2018); *Muse v. Holloway Credit Solutions, LLC*, 337 F.R.D. 80 (E.D. Pa. 2020); *Watson*, 2022 U.S. Dist. LEXIS 178069, at *31 ("Plaintiffs' counsel have been appointed as class counsel many times before. They have extensive experience representing consumers and deep, specialized knowledge of the law in TCPA cases.").

A copy of Mr. Zemel's firm resume is attached as **Exhibit A.**

**3. Proposed Interim Lead Counsel Is Uniquely Familiar with the Applicable Law.**

As demonstrated above, Proposed Interim Lead Counsel is knowledgeable about the applicable law. Proposed Interim Lead Counsel has successfully litigated contested class certification in consumer cases at the federal district court level and have obtained significant district court, and federal appellate decisions. Counsel has also litigated numerous data breach cases and participated in data breach class actions. *See, e.g.*, *In re Continuum Health Data Security Incident Litigation*; Case No. Bur-L-903-24 (N.J. Sup. Ct. 2024) (appointed as Plaintiffs' Executive Committee Member); *Gluck v. Fidelity Investments*; Case No. 1:24-cv-12601 (D. Mass. 2024). Litigating data breach class actions often entails extensive factual discovery, retention of experts, and background knowledge in the technology and practices involved. Recurring issues of class certification, damages, and injunctive relief require counsel that have already learned these lessons and achieved legal rulings that facilitate prosecution. Proposed Interim Lead Counsel's extensive experience regarding the claims at issue here, along with their substantial track record of success as Class counsel, will allow them to skillfully litigate this case in the best interests of Plaintiffs and the putative class.

**4. Proposed Interim Lead Counsel Will Commit All Necessary Resources to Representing the Class.**

The final Rule 23(g)(1)(C)(i) factor concerns the resources counsel will commit to the case, and also strongly supports the appointment of Proposed Interim Lead Counsel. Proposed Interim Lead Counsel is the founding member in a well-established and successful law firm (Zemel Law LLC) that can and will provide the resources and personnel necessary to pursue this case, a fact he has demonstrated in previous class actions. The firm's resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class. Proposed Interim Lead Counsel's ability to draw from this well-developed repository of information will also allow him to streamline the litigation and proceed to trial expeditiously.

**5. Additional Factors Support Appointment Under 23(g)(1)(B).**

The Court may also consider other matters in making appointments, under Rule 23(g)(1)(B). One such consideration here is that Proposed Interim Lead Counsel offers a streamlined, efficient structure, whereby he will lead this litigation alone, supported by his colleagues at Zemel Law. In contrast, the two other proposals both include attorneys from multiple firms, which will result in duplication, inefficiency, and confusion to Defendant about who to speak to regarding discovery and other procedural matters. Given the number of attorneys involved in the other proposals, one attorney as Interim Lead Counsel is the better course.

## III. CONCLUSION

For the reasons set forth above, Intervenor Mhrez respectfully asks the Court to grant her permission to intervene in the above captioned case. If granted permission to intervene, Intervenor Mhrez, and if the Court consolidates this action with other Related Actions, then Intervenor Mhrez

respectfully moves this Court to:

(1) appoint Daniel Zemel of Zemel Law LLC as Interim Lead Counsel; (2) stay the Related Actions, including any of Defendants' responsive pleading deadlines, and require the filing of a Consolidated Class Action Complaint within 30 days of entry of an order appointing leadership; and (3) set the deadline for Defendants' response(s) to the Consolidated Class Action Complaint as 30 days after the Consolidated Class Action Complaint is filed, and in the event that Defendants' response(s) include a motion to dismiss, set the deadline of 30 days thereafter for Plaintiffs' response(s) thereto, followed by 15 days thereafter for Defendants' reply(ies).

Dated this 27th of August 2026.

Respectfully Submitted,

/s/Daniel Zemel
Daniel Zemel, Esq.
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T: 862-227-3106
dz@zemellawllc.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of August, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

/s/Daniel Zemel
Daniel Zemel, Esq.